# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Case No. |
| | § | |
| HUBB SYSTEMS LLC, d/b/a Data911 | § | |
| | § | |
| *Defendant.* | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff John B. Adrain ("Adrain") brings this action against defendant Hubb Systems LLC d/b/a Data911 ("Hubb"), and alleges:

### THE PARTIES

**1.**    Adrain is an individual residing in Spokane County, Washington.  Adrain is the inventor of and owns the entire right, title, and interest in the patent at issue in this case.

**2.**    On information and belief, Hubb is a limited liability company organized and existing under the laws of California, having a principal place of business at 2021 Challenger Drive, Alameda, California 94501, having an office and representative within this district (i.e., Scott Sullivan, 7453 Angelica Lane, Frisco, Texas 75034), and is doing business in this district.  Hubb has designated its registered agent for purposes of service of process as Michael M. K. Sebree, 1221 Broadway, 21st Floor, Oakland, California 94612-1823.

### JURISDICTION AND VENUE

**3.**    This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

**4.**    Subject-matter jurisdiction over Adrain's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

**5.**    On information and belief, Hubb is subject to personal jurisdiction in this judicial district as it has sufficient minimum contacts with this judicial district as a result of business conducted within the State of Texas and within this judicial district; it has placed its allegedly infringing products as identified below into the stream of commerce throughout the United States with the expectation that they will be used by consumers in this judicial district; and/or it has promoted and advertised its allegedly infringing products to potential customers within this judicial district through its web site www.data911.com, including providing a downloadable brochure from its web site entitled "Data911 License Plate Readers" that promotes at least some of its allegedly infringing license plate recognition technology.

**6.**    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

### PATENT INFRINGEMENT

**7.**    Adrain realleges and incorporates by reference the allegations in paragraphs 1-6.

**8.**    On November 3, 1998, U.S. Patent No. 5,831,669 ("the '669 patent"), entitled "Facility Monitoring System with Image Memory and Correlation," was duly and legally issued to the inventor, John B. Adrain.  A Reexamination Certificate for the '669 patent issued on August 21, 2012.  A true and correct copy of the '669 patent with the Reexamination Certificate is attached

hereto as Exhibit A.  Adrain owns all right, title and interest in the '669 patent, including the right to sue for and recover all past, present and future damages for infringement of the '669 patent.

9.      The '669 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10.     Upon information and belief, Hubb, either alone or in conjunction with others, has in the past and continues to directly infringe, contribute to infringement, and/or induce infringement of the '669 patent by making, using, testing, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, monitoring systems that are covered by one or more of the claims of the '669 patent, including license plate recognition systems and/or devices, such as at least Hubb's "Data911 License Plate Readers" and "Data911's License Plate Reader (LPR) technology" (hereinafter the "Accused Products").   Hubb is liable for infringement of the '669 patent pursuant to 35 U.S.C. § 271.

11.     Upon information and belief, Hubb indirectly infringes one or more claims of the '669 patent in violation of 35 US.C. § 271(b) by taking active steps with specific intent to encourage, facilitate and induce end users of its Accused Products to directly infringe one or more claims of the '669 patent through their use of the Accused Products ("End Users") in accordance with Hubb's instructions.  Examples of Hubb's active steps of inducement with specific intent to induce direct infringements by its End Users include statements on its web site (www.data911.com) and providing a downloadable brochure from its web site that promotes its Accused Products.  By way of further non-limiting example, Hubb states as follows on its web site with respect to its Accused Products:

> A car equipped with our LPR can read over 1,000 license plates per hour. Plates can be compared against pre-loaded databases of priority plates at a rate of 150,000 per second while leaving the CPU available for other tasks such as video processing and

CAD. Any hits will alert the officer and can also automatically trigger the Mobile Digital Video to start recording.

Hubb engages in such intentional acts of inducement knowingly and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages and induces End Users to use Accused Products to directly infringe the '669 patent.

12.     Upon information and belief, Hubb indirectly infringes one or more claims of the '669 patent in violation of 35 US.C. § 271(c), through its acts of contributory infringement by offering to sell and selling its Accused Products to End Users, while knowing or willfully blind to the facts that the Accused Products constitute a material part of the invention as claimed in the '669 patent, were especially made or especially adapted for use in an infringement of the '669 patent, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and that use of the Accused Products by End Users results in direct infringement of one or more claims of the '669 patent.

13.     Hubb's acts of infringement have caused damage to Adrain, and Adrain is entitled to recover from Hubb the damages sustained by Adrain as a result of Hubb's wrongful acts in an amount subject to proof at trial.

14.     As a consequence of the infringement complained of herein, Adrain has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Hubb is enjoined by this Court from committing further acts of infringement.

### PRAYER FOR RELIEF

WHEREFORE, Adrain prays for entry of judgment that:

**A.**     Hubb has infringed, contributed to infringement of, and/or induced infringement of the '669 patent;

**B.**     Hubb account for and pay to Adrain all damages caused by its infringement of the '669 patent;

**C.**     Adrain be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Hubb and its officers, agents, servants, employees and those persons in active concert or participation with it from further acts of patent infringement;

**D.**     Adrain be granted pre-judgment and post-judgment interest on the damages caused to him by reason of defendant Hubb's patent infringement;

**E.**     Adrain be granted his reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

**F.**     Costs be awarded to Adrain; and,

**G.**     Adrain be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated:  June 7, 2013                  By:     /s/   Elizabeth L. DeRieux
                                              John T. Polasek
                                              State Bar. No. 16088590
                                              tpolasek@pqelaw.com
                                              C. Dale Quisenberry
                                              State Bar No. 24005040
                                              dquisenberry@pqelaw.com
                                              Jeffrey S. David
                                              State Bar No. 24053171
                                              jdavid@pqelaw.com
                                              POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
                                              6750 West Loop South, Suite 920
                                              Bellaire, Texas 77401
                                              Telephone: (832) 778-6000
                                              Facsimile: (832) 778-6010

Otis W. Carroll
State Bar No. 03895700
nancy@icklaw.com
Deborah Race
State Bar No. 16448700
fedserve@icklaw.com
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Russell R. Smith
State Bar No. 18682310
rsmith@fairchildlawfirm.com
FAIRCHILD, PRICE, HALEY, & SMITH, L.L.P.
1801 North Street
Nacogdoches, Texas 75963-1668
Telephone:  (936) 569-2327
Facsimile:  (936) 569-7932

ATTORNEYS FOR PLAINTIFF